IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DORTON J. HOLLAND, | ) | |
|     Plaintiff | ) | C.A. No. 14-214 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| STAIRWAYS BEHAVIORAL HEALTH, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

United States Magistrate Judge Susan Paradise Baxter

### I. INTRODUCTION

#### A. Relevant Procedural and Factual History

On August 14, 2014, Plaintiff Dorton J. Holland filed this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, against Defendant Stairways Behavioral Health. Plaintiff claims that, on May 9, 2014, Defendant refused to give Plaintiff's mental health provider his "disability papers" from the Erie County Department of Public Welfare, which allegedly resulted in the denial of Plaintiff's medical assistance. In addition, Plaintiff alleges that his case manager's decision to deny him medications because he didn't have health insurance was "unethical." (ECF No. 1, Complaint, at Section IV.C and p. 4). As relief for his claims, Plaintiff seeks monetary damages and a "change in ethics code to help whenever someone reaches out for help." (Id. at Section VI).

#### B. Standards of Review

##### 1. Proceedings *in forma pauperis* under 28 U.S.C. § 1915

Evaluating motions to proceed *in forma pauperis* under 28 U.S.C. § 1915 is a two-step

1

process. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether he is eligible to proceed *in forma pauperis* under § 1915(a). Second, the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." Id. citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir. 1976); see also Schneller v. Able Home Care, Inc., 389 Fed.Appx .90, 92 (3d Cir. 1990). Therefore, only after the district court grants the request to proceed *in forma pauperis* may it dismiss the complaint as legally frivolous. See Jackson v. Brown, 460 Fed.Appx. 77, 79 n.2 (3d Cir. 2012) ("As a procedural matter, therefore, the District Court should have addressed Jackson's [*in forma pauperis*] motion before dismissing the complaint as frivolous, rather than deny the [*in forma pauperis*] motion as moot after dismissal."); Spuck v. Fredric, 414 Fed.Appx. 358, 359 (3d Cir. 2011) ("When a complaint is submitted along with an [*in forma pauperis*] application, the complaint is not deemed filed unless and until [*in forma pauperis*] status is granted. […] in that situation, the District Court must first rule on the [*in forma pauperis*] application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).").

28 U.S.C. §1915(e)(2), as amended, states in relevant part: "[t]he court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). The U.S. Supreme Court has instructed that section 1915(e) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's

2

factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. In fact, the statute not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman, 904 F.2d 192 at 195-96.

### 2. *Pro Se* Pleadings

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v.

3

Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

### C. Discussion

#### 1. Motion for Leave to Proceed *in forma pauperis*

In his motion, Plaintiff states that he is unable to pay the filing fee associated with this civil rights case. Attached to Plaintiff's motion is a copy of his inmate account statement which reveals that Plaintiff has maintained a substantial negative balance in his account for, at least, the past six months. Based upon this disclosure, the Court finds that Plaintiff is without sufficient funds to pay the costs and fees of the proceedings, and accordingly, his motion for leave to proceed *in forma pauperis* [ECF No. 1] should be granted.

#### 2. Assessment of Plaintiff's Complaint

Simply stated, Plaintiff's claims that he was denied medical assistance allegedly as a result of a secretary's refusal to provide disability paperwork to his mental health provider, and that his case manager's actions were "unethical," do not rise to the level of constitutional violations, nor do they otherwise state claims over which this Court has appropriate jurisdiction. As a result, Plaintiff's claims will be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(1).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DORTON J. HOLLAND, | ) | |
|---|---|---|
| Plaintiff | ) | C.A. No. 14-214 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| STAIRWAYS BEHAVIORAL HEALTH, | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 25th day of November, 2014,

IT IS HEREBY ORDERED that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 1] is GRANTED, but Plaintiff's complaint is dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(1) of the PLRA.

The Clerk is directed to mark this case closed.


        /s/ Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        United States Magistrate Judge